923 F.2d 871
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Julius C. STREIG, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 90-3274.
 United States Court of Appeals, Federal Circuit.
 Dec. 12, 1990.
 
 Before PAULINE NEWMAN, ARCHER and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Julius C. Streig appeals from the decision of the Merit Systems Protection Board, Docket No. DA07528910497, sustaining his removal from the United States Postal Service for obstruction and attempted theft of United States mail. We affirm.
 
 OPINION
 
 2
 This court's review of board decisions is narrowly defined by statute. The board's decision is affirmed unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, obtained without procedures required by law, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c); Covington v. Department of Health and Human Services, 750 F.2d 937, 941 (Fed.Cir.1984).
 
 
 3
 Mr. Streig argues that the board incorrectly found that he committed the charged offense because none of the witnesses actually saw him place the parcel in his locker and the parcel was not discovered until after he left work. Circumstantial evidence, however, can constitute proof of intent to steal. E.g., Kumferman v. Department of the Navy, 785 F.2d 286, 290 (Fed.Cir.1986). The board's decision is supported by uncontroverted evidence that Mr. Streig was the only person working in the van when the parcel was placed in it, that the parcel was removed from the van at the same time that Mr. Streig left his work area to go to the locker room, and that, by tracing the electronic signal emanating from the parcel, the parcel was discovered in a locker assigned only to Mr. Streig.
 
 
 4
 Mr. Streig argues that he should have been given a lie detector test. There is no requirement under the law that an employee be offered the opportunity to take a polygraph test, nor any requirement that the results of such a test be dispositive. See Kumferman, 785 F.2d at 290. Credibility assessments are within the discretion of the official presiding at the hearing.
 
 
 5
 Mr. Streig asserts that only management and supervisors were present when his locker was opened. This contention is irrelevant, as the Postal Service may search a work-related locker, using the locker key deposited with the Postal Service for fruits of suspected crime connected with the performance of Postal Service employment. Accord, see United States v. Bunkers, 521 F.2d 1217, 1220 & n. 1 (9th Cir.), cert. denied, 423 U.S. 989 (1975).